JONATHAN S. PURPLE & another, Executors, *vs.* LUCIUS COOKE.

Real estate of one partner, attached by creditors of the partnership before the commencement of proceedings in insolvency against them, and taken on execution by the assignee in insolvency of such partner and of the partnership, after an order that the attachment should survive, and permission granted to the assignee to proceed with the suit in which it was made, under *St.* 1841, *c.* 124, § 5, is to be deemed part of the separate estate of such partner, and distributed among his separate creditors.

PETITION in equity, under *St.* 1838, *c.* 163, § 18, by the executors of a private creditor of Fordyce Alexander, who had proved his claim in insolvency against the estate of said Fordyce, praying that the respondent, assignee in insolvency of said Fordyce, and of the firm of F. & L. L. Alexander, of which Fordyce was a member, might be ordered to revise his account, which had been allowed by the commissioner of insolvency, by crediting to the private estate of Fordyce, instead of to the partnership estate of F. & L. L. Alexander, real estate of Fordyce, taken on execution by the respondent on judgments recovered against F. & L. L. Alexander in suits against them on partnership debts, in which suits attachments of said real estate had been made before the assignment to the respondent, and had been ordered by the commissioner to survive in order

to prevent such estate from passing to persons to whom Fordyce had transferred it since the attachment and before the commencement of the proceedings in insolvency, and which suits the respondent had prosecuted to final judgment and execution by leave of the court in which they were pending.

The respondent demurred to the petition.

*G. T. Davis*, for the respondent.

*G. D. Wells*, for the petitioners.

MERRICK, J. The only question arising upon the demurrer relates to the disposition to be made of the money which is the subject of controversy between the parties. The amount of it has been credited by the assignee in his account of the joint stock and property of the firm of F. & L. L. Alexander. The respondent contends that this is a correct disposition of it, because it was obtained by means and in consequence of attachments made upon the property from the sale of which it was derived, by some of the creditors of the company. Under these circumstances, it is insisted, that although the estate attached was not the joint property of the partners, but belonged exclusively to one of them in his individual right, the proceeds realized from its sale constitute a part of the joint stock and property of the firm, and ought to be distributed in payment of the debts of the partnership creditors. This must depend wholly upon the statute provisions by which the duties of the assignee and the rights of all parties interested are regulated and controlled.

One of the chief purposes of the whole series of the statutes for the relief of insolvent debtors is the equal distribution of their property among their creditors in proportion to the amount of their respective debts. To accomplish this object, provision is made for the transfer of the estate, in the first place, to assignees, who are to dispose of it for the common benefit of all who may have an interest in it; and to prevent any one of the creditors from obtaining any preference or advantage over others, it is also, among other things, further provided, that the assignment of the estate to the assignee by the judge of probate or master in chancery shall be effectual to dissolve all existing attachments which may have been previously made upon it. *St.* 1838, *c.* 163, § 5.

But as a conveyance, made by the debtor at some intermediate time between the attachment and the assignment, might prevent the property from vesting in the assignee, and thus defeat the object intended to be gained by the dissolution of the attachment, it was found that additional legislation was required to meet such a contingency. It was therefore soon afterwards provided, that whenever it should appear to the judge of probate or master in chancery that the property would be prevented from passing to the assignee by the dissolution of the attachment, it should upon his order survive; and thereupon the assignee should, with permission of the court to which the writ, on which the attachment had been made, was returnable, have power to proceed with the suit against the insolvent to final judgment and execution, and the amount recovered should vest in the assignee. *St.* 1841, *c.* 124, § 5. The sole object of this new provision appears to have been to effect the complete transfer of the attached property to the assignee, and thus to ensure its distribution among all the creditors upon the principle and in conformity to rules already prescribed and established. And as these rules are not mentioned, and there is nothing in the language of the additional statute evincing any intention in the legislature to vary or in any degree to change them, they remain the guide of the assignee in the discharge of his duty, and in the distribution of all the property of the debtor which has come into his hands, by whatever means he may have obtained it. By *St.* 1838, *c.* 163, § 21, assignees of two or more persons who were partners in trade are required to " keep separate accounts of the joint stock or property of the company, and of the separate estate of each member thereof; and after deducting out of the whole amount received, the whole of the expenses and disbursements paid by them, the net proceeds of the joint stock shall be appropriated to pay the creditors of the company, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors." This provision is expressed in terms so clear and explicit that there can be no misapprehension of its meaning and of the effect to be given to it. Applying it to the case before us, we can have no doubt that the assignee errone-

ously credited the money which he derived from the sale of the private estate of Fordyce Alexander, in his account of the joint stock and property of the company. *Baker's case*, 8 Cush. 109. *Howe* v. *Lawrence*, 9 Cush. 553. *Somerset Potters Works* v. *Minot*, 10 Cush. 592. The demurrer to the bill is therefore over-ruled; and a decree will thereupon be made requiring the as-signee to correct his accounts by transferring the item of credit for this money from the account of the joint property of the firm to his account of the private property of Fordyce Alexander.

The further consideration urged by the respondent, to show that the partnership creditors were entitled to the money in con-troversy, that the claims of those creditors in whose suits judg-ments were rendered when prosecuted by the assignee, and on which executions were issued which were afterwards satisfied by a levy upon the real estate of the debtor, have been extinguished, is founded in a misapprehension of the consequences that ensue from those proceedings. So far as the creditors are concerned, their debts are not extinguished or affected; they may still be proved against the estate of the insolvent, or, if he should fail to obtain his discharge, may be recovered in a future suit. The statute being designed merely to secure the estate of the debtor to the assignee, its provisions are so to be construed as will limit its effect to that object, and, being thus restricted, the debts of creditors will remain unaffected by it. *Bacon* v. *Lincoln*, 2 Cush 124.                                         *Demurrer overruled.*